1 | ARLEO LAW FIRM, PLC
ELIZABETH J. ARLEO (CASB No. 201730)
2 | 1672 Main Street, Suite E, PMB 133
Ramona, CA 92065
3 | Telephone: 760/789-8000
760/789-8081 (fax)
4 | Email: elizabeth@arleolaw.com

5 | Attorney for Plaintiff

6

7

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10

CV10  4022 DSF SSx

STEVE LIZARRAGA,

11 |                         Plaintiff,

12 |        vs.

13 | NCO FINANCIAL SYSTEMS INC.

14 |                         Defendant.

15

CASE NO.

COMPLAINT FOR VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES
ACT, 15 U.S.C. §1692 *ET SEQ* AND
CALIFORNIA ROSENTHAL FAIR DEBT
COLLECTION PRACTICES ACT, CA. CIV.
CODE 1788 *ET SEQ.*

JURY TRIAL DEMANDED

16

17

18

19

20

21

22

23

24

25

26

27

28

RECEIVED
CLERK, U.S. DISTRICT COURT

MAY 2 7 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

-1-

Plaintiff, Steve Lizarraga ("Plaintiff"), alleges as follows against defendant NCO Financial Systems Inc. ("Defendant") on information and belief, unless otherwise indicated, formed after an inquiry reasonable under the circumstances as follows:

## GENERAL ALLEGATIONS

1.     This action arises out of Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§1788-1788.32 ("CA FDCPA") and the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA").

2.     The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. (15 U.S.C. §1692(a) – (e)).

3.     The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair and deceptive acts or practices.

4.     Plaintiff brings this action to challenge the misconduct of Defendant with regard to Defendant's attempts to unlawfully, oppressively, fraudulently, and/or maliciously collect on a debt allegedly due Bank of America by Plaintiff which caused Plaintiff actual and statutory damages.

5.     The use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant.

1

## JURISDICTION AND VENUE

2
3

6. This Court has jurisdiction over this action pursuant to 15 U.S.C. §1692k(d), and 28 U.S.C. §1331. Supplemental jurisdiction for the state law claims arises pursuant to 28 U.S.C. §1367.

4
5
6

7. Venue is proper in this district under 28 U.S.C. §1391(b) because Plaintiff lives in this district and a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

7
8

8. Personal jurisdiction is established because Defendant has offices in and does business in the State of California.

9

## PARTIES

10

9. Plaintiff, Steve Lizarraga is an individual who resides in Los Angeles County.

11
12
13

10. Plaintiff was obligated or allegedly obligated to pay a debt, and is, therefore a "consumer" as that terms is defined by 15 U.S.C. §1692a(3) of the FDCPA and Cal. Civ. Code §1788.2(h) of the CA FDCPA.

14
15
16
17

11. Defendant NCO Financial Systems Inc. is a public corporation engaged in the business of collecting debts nationally, locally and within the State of California with its principal place of business located at 507 Prudential Road, the Township of Horsham, the Commonwealth of Pennsylvania, with a zip code of 19044.  Defendant has offices located in the State of California.

18
19
20
21
22

12. At all times material and relevant hereto, Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business, the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is, therefore, a "debt collector," as that term is defined by 15 U.S.C. §1692a(6).

23
24
25

13. At all times material and relevant hereto, Defendant is a person who, in the ordinary course of business, regularly, on behalf of himself or hersef or others, engages in debt collection and as such, is a "debt collector" as defined by the CA FDCPA, Cal. Civil. Code §1788.2(c).

26
27
28

## THE FDCPA AND THE CA FDCPA

14. Section 1692c(b) of the FDCPA provides:  Communication with third parties --

Except as provided in section 1692v of this title, without prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector many not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15. Section 1788.12(a) of the CA FDCPA provides:.

No debt collector shall collect or attempt to collect a consumer debt by means of the following practices: . . .

(a) Communicating with the debtor's employer regarding the debtor's consumer debt unless such a communication is necessary to the collection of the debt, or unless the debtor or his attorney has consented in writing to such communication. A communication is necessary to the collection of the debt only if it is made for the purposes of verifying the debtor's employment, locating the debtor, or effecting garnishment, after judgment, of the debtor's wages, or in the case of a medical debt for the purpose of discovering the existence of medical insurance. . . . Communications to a debtor's employer regarding a debt shall not contain language that would be improper if the communication were made to the debtor.   One communication solely for the purpose of verifying the debtor's employment may be oral without prior written consent.

16. Section 1788.17 of the CA FDCPA provides, in part:

Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, or, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

**FACTUAL ALLEGATIONS**

17.     At all times relevant, Plaintiff was an individual residing within the State of California in the County of Los Angeles.

18.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant conducted business in the State of California.

19.     Sometime prior to April 1, 2009, Plaintiff allegedly incurred a financial obligation to Bank of America for a consumer credit card.  The alleged debt went into default on or before April 1, 2009.  Bank of America closed the account on or before June 1, 2009.

20.     Sometime after April 2009 but before April, 2010, the alleged debt was purchased by, assigned, or otherwise transferred to Defendant for collection.

21.     This case involves money, property or other equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civil Code §1788.2(f).

22.     This financial obligations was primarily for personal, family or household purposes and are therefore "debts" as defined by the FDCPA, 15 U.S.C. §1692a(5).

23.     As described below, in violation of the FDCPA and CA FDCPA, Defendant improperly communicated with a third party about Plaintiff's alleged debt without the prior consent of Plaintiff given directly to Defendant.

24.     In April 2010, Plaintiff contacted Bank of America in an effort to resolve the alleged debt; Plaintiff was told that the debt was being serviced by Defendant and that he should contact Defendant.

25.     Within days of speaking with and as instructed by Bank of America, Plaintiff contacted Defendant on the telephone.  During the initial telephone call, Plaintiff was told that no information was found in Defendant's system concerning the alleged Bank of America debt.  Plaintiff was subsequently referred to Defendant's "corporate office" for resolution.

26.     A representative at Defendant's corporate office instructed Plaintiff to contact Defendant at another time regarding the alleged debt.  At no time did or would Defendant discuss the alleged Bank of America debt with Plaintiff.

27.     Within days of Plaintiff's unsuccessful and frustrating efforts to resolve the alleged debt directly with Defendant, Defendant telephonically communicated with a third-party, Eric Miller, who works with Plaintiff, about Plaintiff's alleged debt.  Mr. Miller spoke to Defendant's representative who identified herself as "Iesha Santiago."

28.     Without Plaintiff's prior consent given directly to Defendant, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, Defendant communicated with Mr. Miller regarding the collection of Plaintiff's alleged debt.

29.     During that telephone call with Mr. Miller, Defendant's representative disclosed information about the amount and delinquency of Plaintiff's alleged debt with Bank of America. Ms. Santiago also discussed payment options that Plaintiff could supposedly make to satisfy the delinquency.

30.     At the time of Ms. Santiago's conversation with Mr. Miller, Plaintiff was unrepresented by an attorney, so no attorney could have consented to the third-party communications.

31.     At no time prior to Defendant's conversation with Mr. Miller, did Plaintiff consent in writing to such communication.

32.     The communication with Mr. Miller was not necessary to the collection of the alleged debt as it was not made for the purposes of verifying Plaintiff's employment, locating Plaintiff, or effecting garnishment, after judgment, of Plaintiff's wages.

33.     Communications with Mr. Miller regarding Plaintiff's alleged debt were not made for the purpose of discovering the existence of medical insurance.

1

**FIRST CAUSE OF ACTION CLAIMED AGAINST DEFENDANT**

2

**(Violations of the Fair Debt Collection Practices Act ("FDCPA"),**

3

**15 U.S.C. §1692, *et seq.*)**

4      34.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as

5 though fully stated herein.

6      35.    The foregoing acts and/or omissions of Defendants constitute numerous and multiple

7 violations of the FDCPA, including but not limited to the following actions taken against Plaintiff:

8           (a)    Defendant violated 15 U.S.C. §1692c(b) by communicating with a third

9 party in connection with the collection of Plaintiff's alleged debt without the prior consent of

10 Plaintiff given directly to Defendant, or the express permission of a court of competent

11 jurisdiction, or as a reasonably necessary to effectuate a postjudgment judicial remedy.

12      36.    As a result of the above-described violations of the FDCPA, Plaintiff is therefore

13 entitled to recover actual damages from Defendant pursuant to 15 U.S.C. §1692k(a)(1). Plaintiff is

14 also entitled to additional statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) and reasonable

15 attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3).

16

**SECOND CAUSE OF ACTION CLAIMED AGAINST DEFENDANT**

17

**(Violations of the California Fair Debt Collection Practices Act**

18

**Cal. Civil Code §1788, *et seq.*)**

19      37.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as

20 though fully stated herein.

21      38.    The foregoing acts and/or omissions of Defendants constitute numerous and multiple

22 violations of the CA FDCPA, including but not limited to the following actions taken against

23 Plaintiff:

24           (a)    Defendant violated California Civil Code §1788.12(a) by communicating

25 with the Plaintiff's employer regarding Plaintiff's alleged consumer debt by speaking with Mr.

26 Miller as alleged above. Such a communication was not necessary to the collection of the debt,

27 Plaintiff did not consent in writing to such communication.

28

1    (b)    Defendant violated California Civil Code §1788.17 by failing to comply

2    with the FDCPA as alleged above.

3    39.    Defendant's violations of the CA FDCPA were willful and knowing.  Defendant is

4    therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and

5    costs pursuant to Cal. Civil Code §1788.30.

6    40.    As a result of the above-described violations of the CA FDCPA, Plaintiff has suffered

7    out-of-pocket expenses and is therefore entitled to recover actual damages from Defendant pursuant

8    to Cal. Civil Code §1788.30(a), statutory damages for a knowing or willful violation pursuant to Cal.

9    Civil Code §1788.30(b), and reasonable attorney's fees and costs pursuant to Cal. Civil Code

10   §1788.30(c) from Defendant.

11   **PRAYER FOR RELIEF**

12   WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and

13   against Defendant for:

14   First Cause of Action

15   A.  An award of actual damages pursuant to 15 U.S.C. §1692k(a)(1);

16   B.  The maximum amount of statutory damages provided under 15 U.S.C.

17   §1692k(a)(2)(A);

18   C.  An award of costs of litigation and reasonable attorneys' fees pursuant to 15

19   U.S.C. §1692k(a)(3) against Defendant; and

20   D.  Such other or further relief as the Court deems just and proper.

21   Second Cause of Action

22   E.  An award of actual damages pursuant to Cal. Civil Code §1788.30(a);

23   F.  The maximum amount of statutory damages provided under Cal. Civil Code

24   §1788.30(b);

25   G.  For an award of costs of litigation and reasonable attorneys' fees pursuant to

26   Cal. Civil Code §1788.30(c); and

27   H.  Such other or further relief as the Court deems just and proper.

28

1          **TRIAL BY JURY**

2   Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is

3   entitled to and demands, a trial by jury.

4   DATED:  May 26, 2010                    Respectfully submitted,

5                                           ARLEO LAW FIRM, PLC
                                            ELIZABETH J. ARLEO
6

7

8                                           ELIZABETH J. ARLEO

9                                           1672 Main Street, Suite E, PMB 133
                                            Ramona, CA 92065
10                                          Telephone: 760/789-8000
                                            760/789-8081 (fax)
11
                                            Attorney for Plaintiff
12

13

14   c

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| STEVE LIZARRAGA | NCO FINANCIAL SYSTEMS INC. |
| Los Angeles County, California | Horsham, PA |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| ARLEO LAW FIRM, PLC, ELIZABETH J. ARLEO<br>1672 Main Street. Suite E, PMB 133<br>Ramona, CA 92065   Tele: 760-789-8000 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff       ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes   ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No       ☒ MONEY DEMANDED IN COMPLAINT: $ over $1,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. §1692 et seq/. Fair Debt Collection Practices Act

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**CV10 4022**

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

| CV-71 (05/08) | CIVIL COVER SHEET | Page 1 of 2 |
|---|---|---|

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Pennsylvania |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date May 25, 2010

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

Name & Address:

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

|  | CASE NUMBER |
|---|---|
| STEVE LIZARRAGA <br><br> PLAINTIFF(S) <br> v. <br><br> NCO FINANCIAL SYSTEMS INC. <br><br><br> DEFENDANT(S). | **CV10 4022 DSF SSx** <br><br><br> **SUMMONS** |

TO:    DEFENDANT(S): NCO FINANCIAL SYSTEMS INC.

A lawsuit has been filed against you.

Within   21   days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, Elizabeth J. Arleo _____, whose address is 1672 Main Street, Suite E, PMB 133, Ramona CA 92065 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:    MAY 28 2010 _____

By: _____ CHRISTOPHER POWERS
      Deputy Clerk    SEAL

      *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

## CV10- 4022 DSF (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY